

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 8, 2016

The Honorable Patrick M. Wilson
Ellis County and District Attorney
109 South Jackson
Waxahachie, Texas 75165

Opinion No. KP-0068

Re: Disposition of revenue collected pursuant to section 502.403 of the Transportation Code, authorizing an optional county fee for child safety (RQ-0052-KP)

Dear Mr. Wilson:

You ask about the proper disposition of the revenue generated by a fee authorized by section 502.403 of the Transportation Code.[1] Section 502.403, titled "Optional County Fee for Child Safety," authorizes commissioners courts to "impose by order an additional fee of not more than $1.50 for registering a vehicle in the county." TEX. TRANSP. CODE § 502.403(a). Subsection 502.403(e) provides for how funds generated from the fee are to be divided between the county and municipalities within the county:

> (e) A county imposing a fee under this section may deduct for administrative costs an amount of not more than 10 percent of the revenue it receives from the fee. The county may also deduct from the fee revenue an amount proportional to the percentage of county residents who live in unincorporated areas of the county. After making the deductions provided for by this subsection, the county shall send the remainder of the fee revenue to the municipalities in the county according to their population.

*Id.* § 502.403(e). Subsections (f) and (g) explain how municipalities and counties, respectively, shall spend any revenue they receive from the fee:

> (f) A municipality with a population greater than 850,000 shall deposit revenue from a fee imposed under this subsection to the credit of the child safety trust fund created under Section 106.001, Local Government Code. A municipality with a population less than 850,000 shall use revenue from a fee

[1]*See* Letter from Honorable Patrick M. Wilson, Ellis Cty. & Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 3, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

imposed under this section in accordance with Article 102.014(g), Code of Criminal Procedure.

(g) After deducting administrative costs, a county may use revenue from a fee imposed under this section only for a purpose permitted by Article 102.014(g), Code of Criminal Procedure.

*Id.* § 502.403(f)–(g).

You indicate that some counties believe that subsection (g) authorizes them to avoid "sending any portion of the fee revenue to municipalities." Request Letter at 1. Subsection (e), however, states that counties "*shall* send the remainder of the fee revenue to municipalities," creating a mandatory duty for counties to do so. TEX. TRANSP. CODE § 502.403(e) (emphasis added); *see* TEX. GOV'T CODE § 311.016(2) (explaining that use of the word "Shall" imposes a duty unless the context necessarily requires a different construction). Subsection (g) must be read in conjunction with subsection (e). *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."). When section 502.403 is read as a whole, it is clear that subsection (g) limits the county's use of the revenue that remains after the disbursement required under subsection (e). Accordingly, a county may not retain all of the revenue generated from the fee without sending any portion to the municipalities.

## S U M M A R Y

Section 502.403 of the Transportation Code allows a county that has imposed a fee under that section to retain a portion of the revenue from the fee for administrative costs as well as an amount proportional to the percentage of county residents who live in unincorporated areas of the county. Subsection (e) requires the county to send the remainder of the fee revenue to the municipalities in the county according to their population.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General